

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00016-CR

_____

THE STATE OF TEXAS, Appellant

V.

JOHN HARDY TAYLOR, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 23054

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In its indictment, the State alleged that, on or about August 13, 2008, John Hardy Taylor was the owner of a dog he knew to be dangerous.  It is further alleged that, on the date in question, Taylor's dangerous dog, while not restrained in a secure enclosure, made an unprovoked attack on Haiden Lynn McCurry, causing serious bodily injury—a violation of Section 822.005(a)(2) of the Texas Health and Safety Code.[1]  The trial court dismissed the indictment against Taylor with prejudice on the grounds that Section 822.005(a)(2) of the Texas Health and Safety Code is an unconstitutionally vague, strict-liability statute.  TEX. HEALTH & SAFETY CODE ANN. § 822.005(a)(2) (Vernon 2010).  The State appeals from the order quashing the indictment in trial court cause number 23054.

The State also appeals from the order quashing the indictment in trial court cause number 23053, and has filed a single brief, in which the State raises issues common to both appeals.  The State contends the statute in question is not an unconstitutionally vague, strict-liability statute, and the order quashing the indictment should therefore be reversed.  We addressed these issues in detail in our opinion of this date in cause number 06-10-00015-CR.  For the reasons stated therein, we likewise conclude that the statute is constitutional, but nevertheless affirm and modify

---

[1]Because this is an appeal of a pretrial order, no testimony or evidence appears in the record.

the order[2] quashing the indictment because it fails to allege a culpable mental state.

As modified, the order of the trial court is affirmed.

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 6, 2010
Date Decided:       July 23, 2010

Do Not Publish

---

[2]As explained in our opinion of this date in cause number 06-10-00015-CR, the trial court dismissed the indictment with prejudice.  Because the statute is not unconstitutional, the indictment should have been dismissed without prejudice.